**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| AUNG THU, <br>       Plaintiff, <br><br> v. <br><br> ALAN M. YAHANDA, et al., <br><br>       Defendants. | CAUSE NO.: 1:19-CV-378-HAB-SLC |

**OPINION AND ORDER**

Aung Thu, a prisoner without a lawyer, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that employees of Parkview hospital engaged in medical malpractice when they treated him on February 14, 2012. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Thu alleges that Alan M. Yahanda, Robert T. Burkhardt, and Anne Davies performed surgery on him on February 14, 2012. They should have removed his gall bladder, but they instead removed half of his liver. As a result, he had an additional

surgery on April 22, 2014, but he continues to suffer from severe pain. In short, he alleges that the surgical team that treated him over seven years ago acted negligently.

As a threshold matter, it appears that these defendants' actions did not violate a federal constitutional right and they were not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Nevertheless, even if they were state actors, negligence or medical malpractice does not establish a constitutional claim, since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). This case presents no federal claim, and it so must be dismissed.

Moreover, any alleged constitutional claim would be time barred. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Here, Thu's claim accrued on February 14, 2012, when the negligent act occurred. *Herron v. Anigbo*, 897 N.E.2d 444, 448 (Ind. 2008) ("The Indiana Medical Malpractice Act's two-year statute of limitations runs from the date of the negligent act or omission."). Thus, his complaint needed to be filed at least by February 14, 2014, to file any federal constitutional claim. However, the complaint was not signed until August 20, 2019, at least five and a half years after the statute of limitations had expired. Although the statute of limitations is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Because it has clearly been more than two years since this claim accrued, it must be dismissed.

The Court will dismiss any state law claims contained in the complaint without prejudice should Thu wish to pursue them in state court. *See Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The Court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

For these reasons, the federal claims contained in the complaint [ECF No. 1] are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the complaint are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c).

SO ORDERED on September 9, 2019.

                                 s/ *Holly A. Brady*
                                 JUDGE HOLLY A. BRADY
                                 UNITED STATES DISTRICT COURT